IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00516-M

| | |
|---|---|
| BARBARA STEPHENS,<br>BETTY LAWS, a/k/a Betty Jean Shelley,<br>JAMES RODNEY JACOBS, and<br>ANGELA JACOBS-ROBINSON,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN W. DEES, Dees Law Firm,<br>PATRICK PHILYAW, Raleigh Land &<br>Timber Association,<br>ROBERT E. BETHEA, SR.,<br>HENRIETTA BETHEA,<br>WILLIAM C DAUGHTRY, and<br>GEORGE AUTRY, Farm & Land Realty,<br><br>    Defendants. | ORDER |

This matter comes before the court on the Plaintiffs' pro se Motion [for] Dismissal of Action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure [DE 33]. Plaintiffs seek to dismiss only one Defendant, John W. Dees. Defendant Dees did not respond to the motion.

Typically, to remove a defendant from a civil action, a plaintiff should seek amendment of the operative pleading pursuant to Rule 15; however, as the present motion is unopposed and filed pro se, and because the standards governing Rule 15 and Rule 41(a) are not inconsistent as applied here, the court will address whether the requested dismissal is proper.

Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action at the Plaintiff's request "on terms that the court considers proper."[1] The current motion

---

[1] Rule 15 provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

was filed after Dees filed a motion for summary judgment, supported by a factual statement, affidavits, and certain documents. *See* DE 23, 31, 32. Plaintiffs assert that, "[a]fter carefully examining all documents involved from the initial complaint and all other existing documents, plaintiffs have no claim against defendant John W. Dees." DE 33 at 1. Plaintiffs expressly request Dees' dismissal "with prejudice." *Id.*

The Fourth Circuit instructs that the primary consideration in ruling on a motion seeking dismissal under Rule 41(a)(2) is whether the defendant suffers prejudice; in fact, such motion should not be denied absent a showing of "legal" or "unfair" prejudice to the defendant. *See Ellett Brothers, Inc. v. U.S. Fidelity and Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) ("The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.").

Although allowed the opportunity to respond, Dees has proffered no argument concerning whether he will suffer prejudice if the court grants Plaintiffs' motion,[2] and the court discerns none. Accordingly, the motion [DE 33] is GRANTED, Plaintiffs' claims against John W. Dees are DISMISSED WITH PREJUDICE, and the Clerk of the Court is directed to remove Dees from the caption of this case. Dees' Motion for Summary Judgment [DE 23] is DENIED as moot.

SO ORDERED this 20th day of May, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Therefore, the court need not consider factors that "may bear on whether the defendant will suffer legal prejudice by a dismissal." *See Tingling v. OCAHO*, No. 21-1945, 2023 WL 3221738, at *2 (4th Cir. May 3, 2023); *Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007).