IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-CV-00516-M

BARBARA STEPHENS, )
BETTY LAWS a/k/a Betty Jean Shelley, )
JAMES RODNEY JACOBS, and )
ANGELA JACOBS-ROBINSON, )
 )
    Plaintiffs, ) **ORDER and**
 ) **ENTRY OF DEFAULT**
v. )
 )
PATRICK PHILYAW, Raleigh Land & )
Timber Association, )
ROBERT E. BETHEA, SR., )
HENRIETTA BETHEA, )
WILLIAM C. DAUGHTRY, and )
GEORGE AUTRY, Farm & Land Realty, )
 )
    Defendants. )

This matter is before the clerk on the affidavit and request for entry of default [DE-21] filed by pro se plaintiffs Barbara Stephens, Betty Laws, James Rodney Jacobs, and Angela Jacobs-Robinson. Therein, plaintiffs request the clerk enter default as to defendants George Autry, Robert E. Bethea, Sr., Henrietta Bethea, Patrick L. Philyaw, and William E. Daughtry.

Plaintiffs initiated this action by filing a complaint in this court on September 9, 2024, asserting claims arising out of the 2002 sale and transfer of deed of property located in Wade/Godwin, North Carolina[1] and naming as defendants John Dees, Patrick L. Philyaw, Robert E. Bethea, Sr., Henrietta Bethea, William C. Daughtry, and George Autry [DE-1]. The clerk issued summonses for the named defendants that same day. On September 25, 2024, plaintiffs filed an amended complaint [DE-12].

---

[1] Plaintiff James Rodney Jacobs and Barbara Stephens previously filed a case in this court asserting claims arising out of the same transfer of property. See Jacobs v. Dees, 5:17-cv-104-FL.

Defendant Dees filed an answer to the Amended Complaint on October 11, 2024 [DE-15].

On November 14, 2024, plaintiffs filed an affidavit of service [DE-17] stating: "The undersigned certifies that a copy of the notice of service of process by publication was posted in the newspapers for Patrick L Philyaw and Gorge Autry. A copy of the certificate of service and summons was mailed to all 'defendants." In the affidavit, plaintiffs further state that plaintiffs mailed certified letters to each of the defendants Dee, Philyaw, and Autry. Aff. [DE-17] ¶ 12. Plaintiffs state that the mail sent to Philyaw was returned as undeliverable, and they discovered that the mailing sent to him contained the summons addressed to Dees. Additionally, on an exhibit attached to the affidavit, plaintiffs state that certified mail sent to Autry was returned as undeliverable and they discovered that summons directed to Philyaw was in that mailing. Aff. Ex. Tracking Results (2) [DE-17-3]. Based on this, plaintiffs state that they believe each of the mailings addressed to Dee, Philyaw and Autry contained documents meant for another defendant, and they believe defendant Dees received the documents meant for defendant Autry. Aff. [DE-17] ¶¶ 1, 7, 10, 12-13, 16.

Plaintiffs further state that upon certain certified mail being returned to them, they sent Philyaw's summons to a process server. Plaintiffs attach copies of emails allegedly from the process server showing that when the server attempted to serve Philyaw at 518 Lake Gaston Drive, in Fuquay-Varina, North Carolina, the process server was told by the current resident of the address that he had resided there for two years, and that Philyaw may have moved to Wilmington, North Carolina [DE-17-10; DE-17-111]. Plaintiffs state they then proceeded to serve both Philyaw and Autry by publication and attach a receipt from the Fayetteville Observer. [DE-17-6]. Plaintiffs also attached green card receipts showing certified mail was delivered to defendant Daughtry (signed

2

for by Sandra Daughtry) and defendants Henrietta Bethea and Robert Bethea (both signed by Robert Bethea). [DE-17-12; DE-17-13].

On December 2, 2024, plaintiffs filed another affidavit of service[2] [DE-18] stating again that notice of service of process was publicized for defendants Philyaw and Autry, and attaching an affidavit of service issued by a representative of the Fayetteville Observer [DE-18-10]. The affiant stated that the notice below was published in the Fayetteville Observer on November 3, 2024, November 11, 2024, and November 18, 2024:

> **NOTICE OF SERVICE OF PROCESS BY PUBLICATION-STATE OF NORTH CAROLINA, WAKE COUNTY, IN THE DISTRICT COURTFILE No. 5:24-CV-00516-M.**
> **George Autry and Patrick Philyaw** vs James Jacobs, Barbara Stephens, Betty Laws, and Angela Jacobs-Robinson.
> **TAKE NOTICE** that court proceedings have been files against you and a pleading seeking relief from you has been filed under the above mentioned file number by the above listed Plaintiffs in the Eastern District Court for a Civil dispute of real property. You are required to make defense to the pleading and you are summoned to appear in the court to address the dispute. Pro Se James Jacobs Phone Number: 610-999-3988
> November 3, 11, 18 2024
> LWLM0184971

Plaintiffs now request entry of default as to defendants Robert Bethea, Henrietta Bethea, Daughtry, Philyaw, and Autry [DE-21].[3] In the request for default, plaintiffs state: "The plaintiffs filed a complaint and served each defendant with a summons, and a copy of the complaint and

---

[2] This affidavit of service is notarized, but not signed by plaintiffs.
[3] On May 20, 2025, the court granted plaintiffs' motion to dismiss their claims against defendant Dees with prejudice [DE-36].

3

civil cover sheet by certified mail return receipts." Aff. and Request for Entry of Default [DE-21] at p. 1.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiffs correctly state that these defendants have failed to file an answer or otherwise defend this action in this court. Plaintiffs must also show, however, by affidavit or otherwise, that defendants were properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Proper service may be effected on an individual under Rule 4(e) by following state law for serving a summons in an action brought in court of general jurisdiction in the state where the district court is located or service is made. Fed. R. Civ. P. 4(e)(1). North Carolina law authorizes service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Stat. § 1A-1, Rule 4(j)(1)(c). Where a plaintiff attempts to effect service via certified mail and the defendant fails to appear in the action, the "plaintiff must prove service by filing an

4

affidavit that complies with North Carolina General Statute § 1-75.10(a)(4)." Shreve v. Jones, No. 5:19-CV-178-FL, 2020 WL 365562, at *2 (E.D.N.C. Jan. 22, 2020) (citing N.C. Gen. Stat. § 1-75.11; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004)). That statute requires the serving party to aver in an affidavit:

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. Ann. § 1-75.10.

North Carolina law also authorizes service by publication upon "[a] party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2)." N.C. Gen. Stat. § 1A-1, Rule 4(j1). Under Rule 4(j1), "service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending." That rule further provides:

> The notice of service of process by publication shall (i) designate the court in which the action has been commenced and the title of the action, which title may be indicated sufficiently by the name of the first plaintiff and the first defendant; (ii) be directed to the defendant sought to be served; (iii) state either that a pleading seeking relief against the person to be served has been filed or has been required to be filed therein not later than a date specified in the notice; (iv) state the nature of the relief being sought; (v) require the defendant being so served to make defense to such pleading within 40 days after a date stated in the notice, exclusive of such date, which date so stated shall be the date of the first publication of notice, or the date when the complaint is required to be filed, whichever is later, and notify the defendant that upon his failure to do so the party seeking service of process by publication will apply to the court for the relief sought; (vi) in cases of attachment,

5

state the information required by G.S. 1-440.14; (vii) be subscribed by the party seeking service or his attorney and give the post-office address of such party or his attorney; and (viii) be substantially in the following form:
**NOTICE OF SERVICE OF PROCESS BY PUBLICATION**

**STATE OF NORTH CAROLINA _____ COUNTY**

**In the _____ Court**

[Title of action or special proceeding] [To Person to be served]:

Take notice that a pleading seeking relief against you (has been filed) (is required to be filed not later than _____, \_\_\_\_) in the above-entitled (action) (special proceeding). The nature of the relief being sought is as follows:

(State nature.)

You are required to make defense to such pleading not later than (_____, \_\_\_\_) and upon your failure to do so the party seeking service against you will apply to the court for the relief sought.

This, the _____ day of _____, \_\_\_\_

(Attorney)(Party)
(Address)

N.C. Gen. Stat. § 1A-1, Rule 4(j1).

In this case, plaintiffs' affidavits show sufficient service by certified mail on defendants Robert E. Bethea, Sr., Henrietta Bethea, and William C. Daughtry, and the motion is granted as to those defendants. As to defendants George Autry and Patrick Philyaw, however, the motion must be denied because plaintiffs have not shown proper service by publication. The notice published by plaintiffs in the Fayetteville Observer did not (1) state that the action was pending in this court; (2) state the date by which defendants were to respond to the amended complaint; (3) notify the defendants that if they failed to respond to the complaint, plaintiffs would apply to the court for the relief they sought; or (4) state the mailing address for plaintiffs. Additionally, the notice states that George Autry and Patrick Philyaw are the <u>plaintiffs</u> in this action. Accordingly, the notice failed to comply with the requirements of N.C. Gen. Stat. § 1A-1, Rule 4(j1). See <u>Connette ex rel.</u>
6

A.M.R. v. Jones, 196 N.C. App. 351, 354, 674, S.E.2d 751, 753 (2009) (finding that a default judgment was void where the service by publication failed to list the correct county where the action was commenced). As such, plaintiffs' request for entry of default is DENIED as to defendants Autry and Philyaw.

For the foregoing reasons, plaintiffs' motion for entry of default [DE-21] is GRANTED in part. Default is hereby ENTERED against defendants Robert E. Bethea, Sr., Henrietta Bethea, and William C. Daughtry. The motion is DENIED as to defendants George Autry and Patrick Philyaw. Within 21 days of the filing date of this order, plaintiffs may file a motion for extension of time to effect service on defendants Autry and Philyaw pursuant to Fed. R. Civ. P. 4(m). If plaintiffs fail to file such a motion within that time period, the court may dismiss plaintiffs' claims against defendants Autry and Philyaw without prejudice.

SO ORDERED. This the 8 day of July, 2025.

Peter A. Moore, Jr.
Clerk of Court